1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   KERRY CONLEY,

10              Petitioner,                        No. C 05-03588 JSW

11      v.

12   A.P. KANE, Warden, Central Training Facility    **ORDER GRANTING**
     - Central Facility,                             **RESPONDENT'S MOTION TO**
13                                                   **DISMISS**
                 Respondent.
14   _____/

15

16

17          This matter comes before the Court on consideration of Respondent A.P. Kane's

18   ("Respondent") motion to dismiss the petition for writ of habeas corpus filed by Petitioner Kerry

19   Conley ("Petitioner"). Having carefully reviewed the parties' papers, considered their

20   arguments and the relevant legal authority, the Court hereby GRANTS Respondent's motion to

21   dismiss.

22                              **BACKGROUND**

23          On September 7, 2005, Petitioner filed a petition for writ of habeas corpus asserting that

24   the California Board of Prison Terms' has violated the Due Process Clause of the 14th

25   Amendment to the United States Constitution by its repeated denials of parole to Petitioner.

26   Respondent moves to dismiss the petition on the grounds that the petition contains both

27   exhausted and unexhausted claims.

28

*United States District Court*

*For the Northern District of California*

**United States District Court**

For the Northern District of California

1    **A.    Petitioner Has Not Exhausted All State Judicial Remedies.**

2          Respondent argues that Petitioner failed to exhaust his claim that the Determinate

3    Sentencing Act ("DSA") is not applicable to inmates sentenced indeterminately under California

4    Penal Code § 1168(b), such as himself.  Prisoners in state custody who wish to challenge

5    collaterally in federal habeas proceedings either the fact or length of their confinement are

6    required first to exhaust state judicial remedies, either on direct appeal or through collateral

7    proceedings, by presenting the highest state court available with a fair opportunity to rule on the

8    merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b), (c);

9    *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  Requiring exhaustion of claims provides state

10   courts with "the first opportunity to correct federal constitutional errors and minimizes federal

11   interference and disruption of state judicial proceedings."  *Rose*, 455 U.S. at 514.  If the petition

12   combines exhausted and unexhausted claims, the district court must dismiss the entire habeas

13   petition without reaching the merits of any of its claims.  *Guizar v. Estelle*, 843 F.2d 371, 372

14   (9th Cir. 1988).

15         The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly

16   presented" to the state courts, *see Picard v. Connor*, 404 U.S. 270, 275 (1971); *Crotts v. Smith*,

17   73 F.3d 861, 865 (9th Cir. 1996), *overruled on other grounds by* 28 U.S.C. § 2244, or (2) no

18   state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  To

19   fairly present a federal claim to the state court, a petitioner must "include reference to a specific

20   federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to

21   relief."  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (citing *Picard*, 404 U.S. at 271).  A

22   petitioner must make more than "a general appeal" to a broad constitutional guarantee.  *Gray*,

23   518 U.S. at 163.  Specific reference to the federal constitution and citations to federal authority

24   discussing the constitutional provision sufficiently alert the state courts to the federal nature of a

25   petitioner's claim.  *See, e.g.*, *Caswell v. Calderon*, 363 F.3d 832, 838 (9th Cir. 2004).

26         Petitioner concedes that he did not exhaust his claim regarding the application of the

27   DSA.  (Opp. at 5-6.)  Accordingly, the Court finds that Petitioner failed to exhaust his state

28   court remedies as to his claim regarding the DSA and grants Respondent's motion to dismiss.

**C.    Petitioner Has Not Established That a Stay is Warranted.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations to file a petition for a federal writ of habeas corpus concerning a state court judgment.  28 U.S.C. § 2244(d)(1).  However, exhaustion of all state remedies is a prerequisite to the petition.  28 U.S.C. § 2254(b)(1); *Rose*, 455 at 510.  The interplay of these two requirements created a problem for petitioners filing mixed petitions because the statute of limitations often precluded petitioners from obtaining federal review of the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005).

In *Rhines*, the Supreme Court resolved this problem by approving a procedure whereby a district court, in its discretion, could "stay [a] petition and hold it in abeyance while [a] petitioner returns to state court to exhaust his previously unexhausted claims."  *Id*.  However, because a stay and abeyance has the potential to frustrate AEDPA's dual purposes of encouraging finality of state court judgments and creating incentives for petitioners to seek relief in state court first, the Supreme Court also stated that the "stay and abeyance should be available only in limited circumstances."  *Id*. at 277-78.

Thus, under *Rhines*, the stay and abeyance of a mixed petition is appropriate when the district court determines: (1) "there was good cause for petitioner's failure to exhaust his claims in state court;" (2) the unexhausted claims are not "plainly meritless;" and (3) "reasonable time limits are placed on a petitioner's trip to state court and back."  *Id*.

District courts within the Ninth Circuit have found "good cause" to require at a minimum a showing of some "circumstance over which [petitioner] had little or no control" that prevented the petitioner from asserting the unexhausted claim in state court.  *Ringer v. Crawford*, 415 F. Supp. 2d 1207, 1211 (E.D. Nev. 2006); *see also Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (adopting the "good cause" standard of procedural defaults in which "a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him.").

In his opposition to Respondent's motion, Petitioner sets forth the applicable legal standard but does not make any argument regarding or showing of good cause.  Accordingly, the

3

Court finds that Petitioner has not demonstrated good cause for his failure to exhaust.  The Court therefore declines to exercise its discretion to stay the petition and hold it in abeyance while Petitioner returns to state court to exhaust his claim.  *See Rhines*, 544 U.S. at 275.

### CONCLUSION

In accordance with the foregoing reasons, the Court hereby GRANTS Respondent's motion to dismiss.  This ruling is without prejudice to filing an amended petition containing only Petitioner's exhausted claims.  In the alternative, Petitioner may request dismissal of the entire petition without prejudice and complete exhaustion of his unexhausted claim in state court.  He can then file a new federal petition presenting all of his claims, assuming that the petition would not be barred by the statute of limitations.  *See* 28 U.S.C. § 2244(d).  Petitioner must file and serve no later than thirty days from the date of this order a notice in which he states whether he elects either to (1) dismiss the unexhausted claim and file an amended petition with only the remaining exhausted claims; or (2) terminate this action and return to state court to complete the exhaustion of all of his claims before returning to federal court to present his claims in a new petition.  If Petitioner fails to comply with this order, this action will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:   November 1, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

4